# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VOLUNTEER LENDERS, INC.,

    Plaintiff,

v.                                                Case No:   6:23-cv-1959-WWB-LHP

EMPIRE SHEDS & MORE, LLC,
KEITH ALAN OELERICH, KATRIN
BERGELT OELERICH, BRITTANY D.
OELERICH, TIFFANY L. OELERICH,
VALUE DUMPSTER, LLC and ANNA
HOPE MURPHY,

    Defendants

## ORDER

Before the Court is Plaintiff's Motion for Writs of Garnishment on JP Morgan Chase Bank, N.A.  Doc. No. 64.  Plaintiff seeks writs of garnishment against JP Morgan Bank related to accounts held by Judgment Debtors Empire Sheds & More, LLC, Keith Alan Oelerich, Katrin Bergelt Oelerich, and Value Dumpster, LLC.  *Id.*, Doc. Nos. 64-2, 64-3, 64-4, 64-5; *see also* Doc. Nos. 53, 54.  On review, the motion will be **DENIED without prejudice**.

First, the motion fails to comply with Local Rule 3.01(g), and Plaintiff does not cite any legal authority demonstrating that said conferral requirements would

not apply. Doc. No. 64. Second, although Plaintiff generally establishes that issuance of post-judgment writs of garnishment would be appropriate, *see* Fed. R. Civ. P. 69(a); Fla. Stat. §§ 77.01, 77.03, 77.04, there is one exception. Specifically, in the motion, and in light of the language of the permanent injunction entered by the Court,[1] Plaintiff says that the garnishee JP Morgan Chase Bank N.A. has advised that it "cannot act on a writ of garnishment without express judicial authorization," and thus Plaintiff "seeks the issuance of writs of garnishment expressly authorizing JP Morgan Chase Bank, N.A. to release any funds held in accounts belonging to the Judgment Debtors in compliance with the writs, such that Garnishee may do so without violating the Injunction Order." Doc. No. 64, at 3. Likewise, the proposed writs include the following language:

> [P]ursuant to the Permanent Injunction entered in this action at Doc. 53, and as authorized by this Court, JP Morgan Chase Bank, N.A. is hereby permitted to release any garnished funds held in the Judgment Debtor's accounts in compliance with this Writ, and such release shall not be deemed a violation of the terms of the Permanent Injunction.

*E.g.*, Doc. No. 64-2, at 2.

---

[1] The permanent injunction provides, in pertinent part, that Empire Sheds & More, LLC, Keith Alan Oelerich, Katrin Bergelt Oelerich, and Value Dumpster, and their officers, agents, servants, assigns, and employees, are permanently enjoined from "transferring, selling, converting, assigning, or disposing of any funds received from Plaintiff or any assets or property connected to any personal business account in which Defendants have an interest, unless ordered to do so by this Court . . . ." Doc. No. 53, at 2–3.

But Plaintiff provides no legal authority demonstrating that authorizing release of funds by the garnishee at this stage would be appropriate. Indeed, the request appears to be premature, as it precedes the process for the garnishee to answer, and for the Judgment Debtors to assert any claims of exemption. *See* Fla. Stat. §§ 77.04, 77.04, 77.06, 77.041, 77.055. Accordingly, absent legal authority in support, the Court will not authorize issuance of the writs in their current form.

Plaintiff may renew the motion, as appropriate, in full compliance with the Local Rules, and upon submission of further legal authority or amended proposed writs, as appropriate.

**DONE** and **ORDERED** in Orlando, Florida on October 10, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

- 3 -